The Honorable John E. Miller State Representative P.O. Box 420 Melbourn, AR 72556
The Honorable Ed Gilbert State Representative P.O. Box 633 Mountain Home, AR 72653
The Honorable Gordon Webb Prosecuting Attorney P.O. Box 483 Harrison, AR 72601
Dear Gentlemen:
This is in response to your request for an opinion on the following question:
 Was, in reality, the transaction between Baxter County and Methodist Health Care Systems on June 25, 1982, a sale of county property under A.C.A. § 14-16-105 et seq., 14-265-101, et seq. and other Arkansas law?
A review of the cited provisions indicates that Baxter County was authorized, under state law, to proceed with an agreement to either lease or sell the county regional hospital.[1] See
A.C.A. §§ 14-16-107 and 14-265-103. As a legal matter, the procedures that were followed, according to the facts supplied, are not an impediment to the parties' stated intent that the 1982 transaction was a sale. The county's decision to elect either a lease or a sale of the property has, moreover, according to our research, no particular legal ramifications or consequences under Arkansas law. See Bell v. Crawford County, supra.
It must therefore be concluded that the inquiry is focused upon the intent of the parties. The parties have, according to the information attached to your request, agreed that the transaction as originally entered was a sale. The Chancellor was well within his authority, as the trier of fact, to confirm the reformation of the agreement as reflecting the original intent of the parties. This office cannot, as a policy matter and because it lacks the resources, make a separate factual determination in this regard, apart from the expression of intent of both parties and the Chancellor's decree. These indicia of intent are, in my opinion, determinative for purposes of any inquiry under state law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Exclusive jurisdiction over a county owned hospital rests with the county judge and quorum court. Ark. Const. Art. 7, § 28; Ark. Const. amend. 55; A.C.A. § 14-16-105. See also Bell v.Crawford County, 287 Ark. 251, 254, 697 S.W.2d 910 (1985). The county judge and the quorum court, in conjunction with the county hospital board of governors, have been given the right to sell or lease a county hospital. Bell, supra, citing A.C.A. §14-263-106.